UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN ASSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOVITA M. BISHOP, et al.,<br><br>　　　　Defendants. | Case No.18-cv-03630-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S RULE 56(d) REQUEST**<br><br>Re: Dkt. Nos. 21, 40 |

Plaintiff Great American Assurance Company filed this civil action against Jovita M. Bishop and David Bishop d.b.a. Bishop's Care Home seeking a determination that it has no duty to defend the Bishops in a state court negligence and wrongful death proceeding.[1] Prior to the Initial Case Management Conference and immediately following the parties Rule 26(f) meeting, Plaintiff filed the now pending motion for partial summary judgment arguing that it is entitled to judgment as a matter of law that it owes no duty to defend Jovita Bishop in the underlying action.[2] (Dkt. No. 21.) A flurry of motions followed, including Defendant's Federal Rule of Civil Procedure 56(d) motion which seeks a continuance of the motion for partial summary judgment to allow Defendant to conduct discovery. (Dkt. Nos. 26, 27, 30.) At the Initial Case Management Conference, the Court ordered the parties to brief: (1) whether Plaintiff was entitled to summary judgment on the question of whether Plaintiff is precluded from relying on its reservation of rights based on waiver or estoppel, and (2) whether, under Rule 56(d), Defendant is entitled to additional discovery before adjudication of Plaintiff's motion for partial summary judgment. Having

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6, 10 & 17.)
[2] The motion for partial summary judgment is only directed at Defendant Jovita Bishop who is the only defendant in the underlying suit. (Dkt. No. 21 at n.1.)

considered the parties' briefs, the Court concludes that oral argument is unnecessary, *see* L.R. 7-1(b), VACATES the November 8, 2018 hearing, and GRANTS Defendant's motion for a continuance under Federal Rule of Civil Procedure 56(d).

**DISCUSSION**

At the Initial Case Management Conference, Plaintiff represented that its motion for partial summary judgment on the reservation of rights issue was based on a solely legal question; namely, whether Plaintiff's reservation of rights preserved its ability to invoke the criminal acts exclusion in the underlying policy or whether the doctrines of waiver and estoppel precluded Plaintiff from doing so. Upon review of the parties' briefs and the relevant legal authority, the Court determines that this question presents a mixed question of law and fact. The Court can determine as a legal matter whether the reservation of rights is subject to a claim of waiver or estoppel—it is. *See Waller v. Truck Ins. Exch., Inc*., 11 Cal. 4th 1, 30 -35 (1995), as modified on denial of reh'g (Oct. 26, 1995) (noting that waiver and estoppel are defenses to a denial of coverage and reservation of rights). However, at this early stage in the proceedings the Court cannot determine as a matter of law whether waiver or estoppel apply. These defenses are, at least in part, factual questions. That is, waiver exists where "a party intentionally relinquishes a right or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." *Id*. at 33-34. Notably, in *Waller*, the California Supreme Court found that waiver did not exist because

> [t]he present *facts* do not show that T.I.E.'s denial letter indicated an *intention* on the part of the insurer to relinquish additional reasons for denial of a duty to defend. Nor have plaintiffs shown that T.I.E.'s *actions* following its defense denial were inconsistent with its *intent* to enforce the terms of the policy. Accordingly, plaintiffs have not shown that T.I.E.'s denial of a defense *induced a reasonable belief* in plaintiffs that T.I.E. intended to waive additional policy defenses.

*Id*. at 34 (emphasis added). Facts, intention, action or inaction, and inducement of a reasonable belief are all factual issues that the Court cannot decide as a matter of law at this early stage in the proceedings.

Likewise, estoppel requires a showing that the "insurer's conduct caused either (1) a

2

reasonable belief that insurer was providing coverage or (2) any detrimental reliance on such conduct, both of which are essential to an estoppel claim." *State Farm Fire & Cas. Co. v. Jioras*, 24 Cal. App. 4th 1619, 1627–28 (1994) (internal citation and quotation marks omitted); *see also Krolikowski v. San Diego City Employees' Ret. Sys.*, 24 Cal. App. 5th 537, 565 (Cal. Ct. App. 2018), review denied (Sept. 19, 2018) ("the existence of an estoppel is generally a factual question.").

Defendant contends that because she is not precluded as a matter of law from asserting waiver or estoppel as defenses to Plaintiff's reservation of rights, she is entitled under Rule 56(d) to obtain discovery regarding whether Plaintiff waived the criminal acts exclusion as a ground to deny coverage. Rule 56(d) permits denial or continuance of a motion for summary judgment, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." A party requesting a Rule 56(d) continuance bears the burden of setting forth specific facts she hopes to elicit from further discovery and demonstrating that the facts sought not only exist but are also essential to oppose summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Here, Defendant seeks the depositions of Plaintiff's claims and underwriting representatives to obtain testimony regarding verbal and written communications between Ms. Bishop and the claims representatives to establish:

1. that the policy issued to Defendant is illusory and unenforceable on grounds of public policy;
2. that the parties had communications about their subjective beliefs about the scope and nature of coverage that bear on the reasonableness of Defendant's expectations of coverage;
3. that Great American misrepresented the coverage afforded to Defendant;
4. that Defendant asked Great American a number of questions about coverage on a number of occasions between 2007 and 2015, and was not given complete information in response, such that the responses constituted misrepresentations;
5. that Great American asserted inconsistent coverage positions, by asserting that the Criminal Acts exclusion barred coverage under the Professional Liability coverage, but Great American did not assert the Criminal Acts exclusion as a defense to the Abuse Liability coverage when it offered to pay, on Defendant's behalf, the remainder of the $100,000 Abuse limits to the Giordano's in settlement.

(Dkt. No. 40-1 at ¶ 3.) Plaintiff insists that this is not sufficiently specific and that Defendant has not shown what facts she could obtain through discovery which would defeat summary judgment. The Court disagrees.

Defendant has specifically identified the discovery she seeks and why this discovery is relevant to her defenses of waiver and estoppel. Moreover, Defendant has not had the opportunity to obtain this discovery through no fault of her own and "[w]here [] a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56[d] motion fairly freely." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). Finally, the expediency that drove Plaintiff to file this motion so early—the November 5, 2018 trial date in the underlying civil action—no longer exists as that trial has been continued until March 2019. The Court thus concludes that Defendant has established good cause for a continuance of the pending motion for partial summary judgment sufficient to allow her time to obtain discovery necessary to oppose that motion.

## CONCLUSION

For the reasons stated above, Defendant's Rule 56(d) motion for a continuance is GRANTED. The parties shall complete the additional discovery by December 21, 2018. Defendant shall file her supplemental opposition brief by January 10, 2019 and Plaintiff shall file a supplemental reply brief by January 24, 2019. The Court will hear the continued motion for summary judgment on February 7, 2019 at 9:00 a.m.

This Order disposes of Docket No. 40.

**IT IS SO ORDERED.**

Dated: November 2, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge